**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-14-0000815**
**15-SEP-2014**
**10:21 AM**

NO. CAAP-14-0000815


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


HURST GROUP, LLC, individually and
derivatively on behalf of One Meeting Place, AOAO, Inc.,
Plaintiff-Appellee,
v.
HOWARD GREENE (Misnamed); WINTERS REALTY, LLC;
EILEEN WINTERS; ONE MEETING PLACE; THE ASSOCIATION OF
APARTMENT OWNERS OF ONE MEETING PLACE; RE3 LLC,
Defendants-Appellants,
and
JOHN DOES 1-10; JANE DOES 1-10;
DOE CORPORATIONS 1-10; and DOE PARTNERSHIPS 1-10,
Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CIVIL NO. 13-1-0314)


ORDER GRANTING JUNE 19, 2014 MOTION TO
DISMISS APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Nakamura, Chief Judge, Fujise and Reifurth, JJ.)

Upon review of (1) Plaintiff-Appellee Hurst Group,

LLC's (Appellee Hurst Group), June 19, 2014 motion to dismiss

appellate court case number CAAP-14-0000815 for lack of appellate

jurisdiction (Motion to Dismiss), (2) Defendants-Appellants

Howard Greene, Winters Realty, LLC, Eileen Winters, One Meeting

Place, the Association of Apartment Owners of One Meeting Place, and RE3 LLC's (the Appellants) June 25, 2014 memorandum in opposition to the Motion to Dismiss, (3) Appellee Hurst Group's July 14, 2014 reply memorandum in support of the Motion to Dismiss, and (4) the record, it appears that we lack appellate jurisdiction over the Appellants' appeal from the Honorable Randal G.B. Valenciano's April 16, 2014 "Order Granting Plaintiff's Motion for Preliminary Injunction; Filed on December 26, 2013" (the Preliminary Injunction Order).

The circuit court has not yet reduced any dispositive rulings to a separate judgment, as required by Hawaii Revised Statutes (HRS) 641-1(a) (1993 & Supp. 2013), and the holding in Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994) for an appeal from a civil circuit court case under Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP). Furthermore, the Preliminary Injunction Order is not an independently appealable interlocutory order, and, even if the Preliminary Injunction Order were an independently appealable interlocutory order, the Appellants' appeal from the Preliminary Injunction Order is not timely under Rule 4(a)(1) of the Hawai'i Rules of Appellate Procedure (HRAP).

HRS § 641-1(a) authorizes appeals to the Hawai'i Intermediate Court of Appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). HRCP Rule 58 requires that "[e]very judgment shall be set forth on a separate document." Based on HRCP Rule 58, the Supreme Court of

-2-

Hawai'i requires that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338. "Thus, based on Jenkins and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." Carlisle v. One (1) Boat, 119 Hawai'i 245, 254, 195 P.3d 1177, 1186 (2008). The circuit court has not reduced any of its dispositive rulings in this case to an appealable final judgment.

Although exceptions to the final judgment requirement exist under the doctrine in Forgay v. Conrad, 47 U.S. 201 (1848) (the Forgay doctrine), the collateral order doctrine, and HRS § 641-1(b) (1993 & Supp. 2013), the Preliminary Injunction Order does not satisfy the requirements for appealability under the Forgay doctrine, the collateral order doctrine, and HRS § 641-1(b). See Ciesla v. Reddish, 78 Hawai'i 18, 20, 889 P.2d 702, 704 (1995) (regarding the two requirements for appealability under the Forgay doctrine); Abrams v. Cades, Schutte, Fleming & Wright, 88 Hawai'i 319, 322, 966 P.2d 631, 634 (1998) (regarding the three requirements for the collateral order doctrine); HRS § 641-1(b) (regarding the requirements for an appeal from an interlocutory order).

We note, in particular, that when a party moves a circuit court for leave to assert an interlocutory appeal from an order pursuant to HRS § 641-1(b), the circuit court is required to do more than enter a written order granting the motion. The

-3-

circuit court's written order must include the conclusion that the interlocutory appeal is advisable for the speedy termination of litigation before it, and the circuit court must set forth its reasons for that conclusion:

> If any order is entered, other than a final judgment, and a party moved for an interlocutory appeal pursuant to HRS § 641-1(b) or 641-17, the trial court shall carefully consider the matter of whether it thinks an interlocutory appeal will more speedily determine the litigation and, if it so concludes, will set forth, in the order allowing the appeal, its reasons for that conclusion.

Mason v. Water Resources International, 67 Haw. 510, 511-12, 694 P.2d 388, 389 (1985) (emphases added). In the instant case, the circuit court entered a June 9, 2014 order purporting to grant the Appellants' motion for leave to assert an interlocutory appeal from the Preliminary Injunction Order pursuant to HRS § 641-1(b), but, contrary to the holding in Mason, the June 9, 2014 order does not contain any express conclusion that an interlocutory appeal is advisable for the speedy termination of litigation before it, nor does it contain the circuit court's reasons for that conclusion. Therefore, under the holding in Mason, the June 9, 2014 order does not satisfy the requirements for authorizing an interlocutory appeal under HRS § 641-1(b).[1/]

---

[1/] The Appellants rely on McCabe v. Berdon, 67 Haw. 178, 681 P.2d 571 (1984), to assert that we should look to other parts of the record on appeal, i.e., beyond the express language within the June 9, 2014 order, to find the circuit court's conclusion that an interlocutory appeal is advisable for the speedy termination of the litigation pursuant to HRS § 641-1(b) (1993 & Supp. 2013). The Supreme Court of Hawai'i issued its opinion in McCabe before it issued its opinion in Mason, in which it specifically refers to McCabe as an example of "a recurring problem[,]" and, "therefore[, the Supreme Court of Hawai'i] lay[s] down the following guidelines for bench and bar which are to be followed from now on." Mason, 67 Haw. at 511, 694 P.2d at 389 (1985). Those guidelines include that the "trial court . . . will set forth, in the order allowing the appeal, its reasons for [the] conclusion [that an interlocutory appeal will more speedily determine the litigation]." Id. We decline to overlook the deficiencies in the June 9, 2014 order. The Appellants further argue that they submitted an amended order to the circuit court that includes the required conclusion for authorizing an interlocutory
(continued...)

Even if we assume that the June 9, 2014 order could satisfy the requirements under HRS § 641-1(b) for authorizing an interlocutory appeal from the Preliminary Injunction Order, the Appellants' appeal is untimely under HRAP Rule 4(a)(1). Regarding the time requirement for an interlocutory appeal under HRS § 641-1(b), the Supreme Court of Hawai'i has interpreted the combination of HRAP Rule 4(a)(1) and HRS § 641-1(b) as follows:

> We have interpreted HRAP Rule 4(a)(1)'s requirement that the notice of interlocutory appeal be filed "within 30 days after the date of entry of the . . . . order appealed from" to mean that . . . [i]t is necessary for a party wanting to take an interlocutory appeal to move for an order allowing the appeal, for the court to enter the order and for the appellant to file the notice of appeal all within 30 days from the filing of the order appealed from, unless the time for appeal is extended pursuant to HRAP Rule 4(a)(5).

State v. Irvine, 88 Hawai'i 404, 406, 967 P.2d 236, 238 (1998) (some emphasis added; citation and block quotation format omitted). "The order appealed from on an interlocutory appeal is not made final, for any purpose, by the allowance of the interlocutory appeal and the time period runs from the entry of the order, not from the allowance of the appeal." King v. Wholesale Produce Dealers Ass'n of Hawaii, 69 Haw. 334, 335, 741 P.2d 721, 722 (1987) (emphasis added).[2] Thus, for example, we held that we did not have jurisdiction over an appeal from an

---

[1](...continued)
appeal under HRS § 641-1(b). However, the Appellants have not supplemented the record on appeal with the amended order, and it is not part of the record on appeal.

[2]     With respect to certification of a circuit court's adjudication of one or more but less than all claims for an appeal pursuant to HRCP Rule 54(b), the Supreme Court of Hawai'i has stated that Jenkins overruled King. Oppenheimer v. AIG Hawaii Ins. Co., 77 Hawai'i 88, 93, 881 P.2d 1234, 1239 (1994). However, the holding in Jenkins "does not appear to disturb the holding in King with respect to HRS § 641-1(b)." Kohala Agriculture v. Deloitte & Touche, 86 Hawai'i 301, 311 n.19, 9494 P.2d 141, 151 n.19 (App. 1997).

interlocutory order pursuant to HRS § 641-1(b) when "the court did not enter its written order allowing an interlocutory appeal within thirty days of the entry of the order from which Plaintiffs wished to appeal, despite Plaintiffs' prompt motion for such an order." Kohala Agriculture v. Deloitte & Touche, 86 Hawai'i 301, 311, 9494 P.2d 141, 151 (App. 1997) ("Therefore, we conclude that Plaintiffs' appeal of the [interlocutory] order was untimely and we are without jurisdiction of that appeal.").

In the instant case, at the time when the Appellants filed their May 9, 2014 notice of appeal from the Preliminary Injunction Order, the circuit court had not yet entered its subsequent June 9, 2014 order purporting to authorize an interlocutory appeal pursuant to HRS § 641-1(b). The Appellants did not obtain the circuit court's express leave to assert an interlocutory appeal under HRS § 641-1(b) within thirty days after entry of the Preliminary Injunction Order. Although the Appellants later moved for, and the circuit court purported to grant, an extension of time to authorize an interlocutory appeal pursuant to HRAP Rule 4(a)(4)(A), the Appellants and the circuit court were utilizing the wrong subsection of the rule under the circumstances.

An extension of time under HRAP Rule 4(a)(4)(A) is possible only when a party files a motion for an extension "of time before expiration of the prescribed time." HRAP Rule 4(a)(4)(A). The prescribed thirty-day time period under HRAP Rule 4(a)(1) for filing an interlocutory appeal from the April 16, 2014 Preliminary Injunction Order expired at the end of

the day on May 16, 2014. The Appellants appear to have submitted their ex parte motion for an extension of time to file a motion for leave to file an interlocutory appeal on May 27, 2014, which was, therefore, <u>after</u> the May 16, 2014 expiration of the prescribed time under HRAP Rule 4(a)(1) for filing a notice of appeal. Because the Appellants were requesting an extension of time <u>after</u> the expiration of the thirty-day prescribed time period under HRAP Rule 4(a)(1), the Appellants should have been trying to invoke an extension of time under a different subsection, namely HRAP Rule 4(a)(4)(B), which authorizes "[r]equests for extensions of time after expiration of the prescribed time." (Emphasis added). In contrast to the requirement under HRAP Rule 4(a)(4)(A) of a showing of "good cause" for an extension of time, the language of HRAP Rule 4(a)(4)(B) requires a showing of "excusable neglect" for an extension of time. Because the Appellants were requesting an extension of time after the expiration of the thirty-day prescribed time period under HRAP Rule 4(a)(1), only the circuit court's finding of "excusable neglect" for an extension under HRAP Rule 4(a)(4)(B) could have authorized an extension of time for the Appellants. The circuit court's June 9, 2014 order does not contain an express finding of "excusable neglect" for an extension of time, but, instead, it contains only a finding of "good cause" for an extension of time.

Therefore, the June 9, 2014 order did not properly extend the time for filing a notice of appeal. Moreover, Appellants did not file a notice of appeal after the June 9, 2014

order was filed. The failure to file a timely notice of appeal in a civil matter is a jurisdictional defect that the parties cannot waive and the appellate courts cannot disregard in the exercise of judicial discretion. Bacon v. Karlin, 68 Haw. 648, 650, 727 P.2d 1127, 1128 (1986); HRAP Rule 26(b) ("[N]o court or judge or justice is authorized to change the jurisdictional requirements contained in Rule 4 of these rules."); HRAP Rule 26(e) ("The reviewing court for good cause shown may relieve a party from a default occasioned by any failure to comply with these rules, except the failure to give timely notice of appeal."). Accordingly,

IT IS HEREBY ORDERED that Appellee Hurst Group's June 19, 2014 Motion to Dismiss appellate court case number CAAP-14-0000815 for lack of appellate jurisdiction is granted, and appellate court case number Caap-14-0000815 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, September 15, 2014.

Chief Judge

Associate Judge

Associate Judge

-8-